COMPAÑÍA RON CARIOCA DESTILERÍA INC. (OF PUERTO RICO) AND COMPAÑÍA RON CARIOCA DESTILERÍA INC. (OF DELAWARE), Plaintiffs and Appellants, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 9883. Argued April 4, 1949.—Decided April 14, 1949.

*James R. Beverley* and *Carmen B. Hernández* for appellant.
*Vicente Géigel Polanco, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney .General,* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

The Treasurer of Puerto Rico assessed on August 9, 1940, the real and personal property belonging to the plaintiff Compañía Ron Carioca Destilería, Inc. (of Delaware). Feeling aggrieved by the assessment notified to it, said corporation, five days later, resorted to the extinct Board of Review and Equalization.[1] Since said Board sustained the assessment of the Treasurer, Compañía Ron Carioca Destilería, Inc. (of Puerto Rico)—that meanwhile had acquired the rights and actions of the Delaware corporation—paid to the Treasurer of Puerto Rico, on April 24, 1941, the sum of $4,521.18 for such taxes, of which $2,073.63 were paid under protest. On December 18, 1941, both corporations filed in the District Court of San Juan the complaint in the above-captioned case. Upon the Treasurer filing, several years later, a motion to dismiss the complaint for lack of jurisdiction, the lower court sustained it and rendered judgment dismissing the complaint on that ground.

On appeal the plaintiffs assign· five errors. They are, in brief, to the effect that the district court erred in declaring itself without jurisdiction and in holding that in this case the Treasurer rendered the administrative decision required by Act No. 172 of 1941.

 The Act providing for the payment of taxes under protest in force on April 24, 1941 (date on which the taxes

---

[1] See § 309 of the Political Code, such as it was in force at that time.

involved in the present suit were paid) established in its § 1 that "Whenever a taxpayer believes that he should not pay any tax or part thereof, he shall, however, be obliged to pay the same in full . . ." and in its § 3 that "A taxpayer who shall have paid under protest the whole or part of any tax may, *within the term of one year from the date of payment,* sue the Treasurer of Porto Rico in an insular court of competent jurisdiction, or in the District Court of the United States for Porto Rico, to secure the return of the amount protested. . . ." (Italics ours.) See Act No. 8 of April 19, 1927 (Laws of 1927, pp. 122 and 124). On November 21, 1941, said §§ 1 and 3 were amended by Act No. 17 (First Special Session, p. 54) so that they should read thus:

"Section 1.—Whenever a taxpayer believes that he should not pay any tax or part thereof, with the *exception of property, inheritance, and income taxes, for the payment of which there is a specific procedure in the corresponding laws,* the taxpayer shall, however, be obliged to pay the same in full . . ."

"Section 3.—A taxpayer who, in accordance with this Act and the exceptions established therein, shall have paid under protest the whole or part of any tax may, *within the term of thirty (30) days from the date of payment,* file a sworn complaint against the Treasurer of Puerto Rico in the corresponding district court [to secure the return of the amount protested";][2] . . . (Italis ours.)

This amendatory Act of 1941, became effective immediately after its approval. Its clear purpose was not only to eliminate from its effect property, inheritance, and income taxes and confine the same to excise taxes but also to reduce the period allowed to resort to the courts to 30 days, counted from the date of payment, instead of the term of one year granted by the original Act. Cf. *Axton Fisher Tobacco Co.* v. *Buscaglia, Treas.,* 65 P.R.R. 386.

As the complaint in this case was filed on December 18, 1941, the plaintiffs contend that the same was filed within the year specified in Act No. 8 of 1927 and that it is the

---

[2] Matter within brackets omitted from English version.

district court the one with jurisdiction to entertain the suit. However, upon so contending the plaintiffs overlook the evident fact that the amendatory Act limited suits in which taxes paid under protest could be claimed to excises and that pursuant to the clear language of the Act, property, inheritance, and income taxes were expressly eliminated from its. provisions.

■■ Were the plaintiffs left without a remedy upon the enactment of said Act No. 17, 1941, and were they precluded from claiming the amount paid under protest? We do not think so. The Court of Tax Appeals of Puerto Rico was created by Act No. 172 of May 13, 1941 (Laws of 1941, p. 1038), which, pursuant to the provisions of its § 4 ". . . *shall have jurisdiction to revise the assessment and reassessment of personal and real property and shall take cognizance of all claims which may be brought before it by interested parties, against the decisions of the Treasurer of Puerto Rico which may affect the payment of property taxes*, income taxes, and inheritance taxes. . . . " Undoubtedly, in accordance with the foregoing Act, at that time, the Court of Tax Appeals was the one with jurisdiction to take cognizance of a proceeding which involved the assessment of real and personal property, although part of the taxes levied would have been paid under protest pursuant to the provisions of a previous Act. The jurisdiction of that court in the above-mentioned taxation matters is broad and comprehensive and in connection thereto the district courts were deprived of jurisdiction to decide in the first instance the cases involving them. *Mayagüez Sugar Co.* v. *Tax Court*, 60 P.R.R. 737. The above-cited Act No. 172 of 1941, however, did not fix any term within which to file in the Court of Tax Appeals the corresponding complaints. *Casa de España* v. *Tax Court*, 65 P.R.R. 657. So that when the complaint in the present suit was filed, the plaintiff had still time to file it in the said court.

■ It is true that § 4 of Act No. 172, *supra*, emphatically provides that the jurisdiction of said court can not.

be pleaded by any person until there has been an administrative decision in the matter on the part of the Treasurer of Puerto Rico according to law. However, for the purposes of this Act, there was nothing to preclude the assessment of the properties of the Delaware corporation made by the Treasurer on August 9, 1940, from being considered the administrative decision mentioned therein. *Gerardino* v. *Tax Court*, 68 P.R.R. 206.

The lower court did not err in declaring itself without jurisdiction and in dismissing the complaint on that ground.

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.